### WATROUS v. WATROUS.

DIVORCE — GROUNDS — EXTREME CRUELTY — EVIDENCE — SUFFI- CIENCY.
    On a bill for divorce on the ground of extreme cruelty, evi- dence examined, and *held*, not to show such acts of extreme cruelty as justify the dissolution of a marriage relation in existence for 37 years.

Appeal from Kent; Perkins, J. Submitted Novem- ber 11, 1908. (Docket No. 5.) Decided December 14, 1908.

Bill by Marian E. Watrous against Burritt J. Watrous for a divorce. From a decree dismissing the bill, com- plainant appeals. Affirmed.

*Lombard & Hext,* for complainant.

*Butterfield & Keeney,* for defendant.

MONTGOMERY, J.   This is a proceeding for divorce. The parties were married in 1869 and continued living together as husband and wife until the 16th of October, 1906, at which time complainant left defendant, and on the following day filed her bill for divorce upon the ground of extreme and repeated cruelty.   The bill alleges that during the earlier years of their married life the defendant, although at times harsh and exacting in his conduct, was on the whole a kind, indulgent, and loving husband, and that they continued to live happily and contentedly until about 15 years ago, at which time defendant began to exhibit a cold and indifferent spirit towards complainant, and frequently and repeatedly, without any cause or provocation, harshly criticised, swore at, and most unreasonably abused, complainant; that his conduct in this respect grew worse from year to year, and that complainant became the object of constant ill-treatment and abuse.   On the trial the evidence took a wide range, and the whole married life of the parties was brought under review by the circuit court.

The facts, so far as they need to be stated, show that Mr. Watrous, the defendant, was for many years employed by the Grand Rapids Boom Company, and through all these years was an industrious, capable, hard-working man; that many years ago he bought a home consisting of five acres then on the Plainfield road outside the city of Grand Rapids; and that he has made this his home during all the married life of the parties.   It is also apparent that the complainant was an industrious, hardworking woman, and that together these parties accumulated something like $5,000 in addition to the homestead, which they had at interest.   They kept some cows, and for many years defendant also kept a horse and carriage for the use of his family.   Some few years ago the boom company by which defendant had been employed practi-

cally ceased business, and defendant, because of advancing years, was not able to procure employment except in a desultory way. But the record shows that he had always been industrious, of good habits, saving, and economical. After his employment by the boom company ceased, practically the only income which defendant had was that derived from the interest on loans and securities, amounting to about $5,000, which he had, and he found himself unable to maintain the family upon this income and pay the taxes upon his property, and by reason of this the principal of his securities was encroached upon until at the time of the hearing it had been reduced to something like $1,000. The parties kept four cows and sold milk, and in this way supplemented the income derived from the defendant's exertions and from the income upon his investments. There is no doubt that the defendant's health was somewhat impaired, and there can be little doubt that his increasing years, together with the impairment of his health and the anxiety relative to the future maintenance of the family, to some extent preyed upon his mind, and made him at times querulous and faultfinding with complainant. But we are not able to find such acts of extreme cruelty as justify a dissolution of this marriage relation which has continued for a period of 37 years. The circuit judge, who saw the witnesses and heard the testimony in open court, was not able to find that the complainant had made a case entitling her to a decree, and in this conclusion we concur.

The decree will be affirmed.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.